IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| CURTIS RAY BALLOU, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | **7 : 12-CV-31 (HL)** |
| OFFICER BARBER, and | : | |
| OFFICER TOLBERT, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER AND RECOMMENDATION**

Presently pending herein are Plaintiff's Motion to Amend and Motion for Appointment of Counsel, and Defendants=Motion to Stay Discovery.  (Docs. 9, 15, 17).

*Motion to Amend (Doc. 9)*

Plaintiff filed this Motion to Amend on March 27, 2012.  Plaintiff states that he was misinformed about the name of the individuals who used excessive force against him.  Plaintiff maintains that CERT Bates attacked Plaintiff, not Defendant Tolbert.  Plaintiff requests the Court add CERT Bates as a defendant, and dismiss Defendant Tolbert.  Plaintiff also requests the Court add Brian Owens, the Commissioner of the Department of Corrections, as a defendant because his staff continues to "beat [prisoners] state wide and get away with it."

Plaintiff filed his initial Complaint on February 17, 2012, waivers of service were executed and returned by two of the original Defendants, and the same two Defendants filed their Motion to Dismiss on May 25, 2012.  (Docs. 1, 11, 12, 13).

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) *Amending as a Matter of Course*
>> A party may amend its pleading once as a matter of course within:
>>> (A) 21 days after serving it, or
>>> (B)  if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule12(b), (e), or (f), whichever is earlier.

Plaintiff's Motion to Amend is timely under Rule 15(a)(1).  While the Motion to Amend was filed more than twenty-one (21) days after the Complaint and waivers of service were mailed to Defendants, Plaintiff filed his Motion to Amend prior to the filing of Defendants' Rule 12(b) Motion to Dismiss.  Thus, Plaintiff's Motion to Amend was timely filed under Rule 15(a)(1)(B).  The Court lacks the discretion to reject an amended complaint when the Plaintiff has the right to file an amended complaint as a matter of course.  *Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1292 n. 6 (11th Cir. 2007).  Accordingly, Plaintiff's Motion to Amend his Complaint is **GRANTED**.

However, even though Plaintiff's Motion to Amend is granted, the claims against the new Defendants remain subject to review and possible dismissal under 28 U.S.C. § 1915A(b).  A federal court is required to dismiss a prisoner complaint that is: "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  To state a claim for relief, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint fails to state a claim when it does not include enough facts to give the defendant fair notice of what the claim is and the grounds upon which it rests.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted).  The pleading must be more than an "unadorned,

2

the-defendant-unlawfully-harmed-me accusation.@ *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a Alegal conclusion couched as a factual allegation.@ *Id.*

Plaintiff' seeks to add Defendant Bates because he allegedly used excessive force against Plaintiff in violation of Plaintiff's Eighth Amendment rights. As Plaintiff is simply adding Defendant Bates because of his involvement in the previously alleged facts in this case, the Court finds that Plaintiff has sufficiently stated a claim against Defendant Bates.

It is hereby **ORDERED** that service be made as to Defendant Bates and that he file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, U.S.C. § 1915, and the Prison Litigation Reform Act. If Defendants desire, Defendant Bates may join and/or file a Supplement to Defendants' Pending Motion to Dismiss within sixty (60) days of the date of this Order.

Plaintiff also added Defendant Brian Owens, alleging that he is responsible for the actions of his employees. It is well settled that a plaintiff cannot prevail under 42 U.S.C. § 1983 based on a theory of respondeat superior or supervisory liability. *Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986); *H.C. by Hewett v. Jarrard*, 786 F.2d 1080 (11th Cir. 1986). Instead, the plaintiff must show that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett*, 786 F.2d at 1086-87. "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration,

3

rather than isolated occurrences." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990), *cert. denied*, 500 U.S. 933 (1991).

Plaintiff does not allege that Defendant Owens was personally involved in any of Plaintiff's alleged constitutional deprivations.  Moreover, Plaintiff's assertions do not establish the causal connection necessary to hold Defendant Owens responsible for Plaintiff's alleged constitutional deprivations.  Plaintiff does not allege that Defendant Owens was aware of the widespread abuse, or that he has instituted any policies which encourage prison employees to use excessive force against inmates.  *See e.g. Brinson v. Williams*, 2009 WL 3483474, *3 (S.D. Ga. Oct. 28, 2009).   It is therefore recommended that Defendant Owens be **DISMISSED** from this action.

Plaintiff also requests that Defendant Tolbert be dismissed from this action, as Plaintiff states that Defendant Tolbert was misidentified, and was not involved in the alleged use of excessive force. Accordingly, the undersigned recommends that Defendant Tolbert be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

*Appointment of Counsel (Doc. 15)*

Plaintiff filed a Motion to Appoint Counsel on June 14, 2012.  Generally speaking, no right to counsel exists in § 1983 actions.   *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983).   Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor,* 691 F.2d 209 (5th Cir. 1982).

4

In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the Plaintiff's claim and the complexity of the issues presented.  *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).   Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the Plaintiff without the assistance of Court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by Plaintiff.

The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights.

In the alternative, Plaintiff requests that the Court order "Mr. Adwell to surrender all personal and legal materials" to Plaintiff.  It is not clear from Plaintiff's Motion whether he is alleging that Mr. Adwell took legal materials from Plaintiff or whether he is alleging that Mr. Adwell denied him access to legal materials.   In any event, Plaintiff's Motion is bereft of the necessary showing to obtain such equitable relief.   Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED** at this time.

*Motion to Stay (Doc. 17)*

Defendants filed this Motion to Stay Discovery on June 25, 2012, requesting the Court stay discovery until the resolution of their pending Motion to Dismiss.   Defendants filed a Motion to Dismiss on May 25, 2012 asserting that Plaintiff's Complaint should be dismissed because Plaintiff has abused the judicial process and has failed to exhaust the administrative remedies available to him. (Doc. 13).

Upon consideration of the Motion to Stay, said Motion is hereby **GRANTED-IN-PART** as follows:   Discovery is stayed until the pending Motion to Dismiss has been resolved or until further

order of the Court, except as to discovery related to Plaintiff's exhaustion of administrative remedies. A 60-day discovery period shall begin on the date that an order from a district judge is filed which adjudicates the pending Motion to Dismiss.

**SO ORDERED AND RECOMMENDED**, this 27th day of June, 2012.

*s/ THOMAS Q. LANGSTAFF*
**UNITED STATES MAGISTRATE JUDGE**

llf