IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CURTIS RAY BALLOU, | : |
| Plaintiff, | : |
| VS. | :     7 : 12-CV-31 (HL) |
| OFFICER BARBER, and OFFICER BATES, | : |
| Defendants. | : |

## RECOMMENDATION

Presently pending in this *pro se* prisoner action brought pursuant to 42 U.S.C. § 1983 are Defendants' Motions to Dismiss. (Docs. 13, 29). Defendant Barber, an Officer at Valdosta State Prison ("VSP"), filed a Motion to Dismiss on May 25, 2012, alleging that Plaintiff's Complaint should be dismissed, in part, because Plaintiff has failed to exhaust his administrative remedies. (Doc. 13). The Court allowed Plaintiff to add Defendant Bates, an Officer at VSP, on June 27, 2012. (Doc. 18). Defendant Bates filed a Motion to Dismiss on October 5, 2012, wherein he adopted, in its entirety, the brief in support of Defendant Barber's Motion to Dismiss. (Doc. 29).

### Background

Plaintiff filed this action alleging that when he arrived at VSP in November 2011, Defendants beat Plaintiff with their baton sticks, kicked Plaintiff, and stomped on Plaintiff. (Doc. 1, 9). Plaintiff states that he was handcuffed at the time of the attack, and maintains that his "blood was splattered all over the walls." As a result of the attack, Plaintiff received injuries to his arm, has blurred vision, bad headaches, and memory loss.

### Discussion

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations

accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937,1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

In regard to exhaustion of administrative remedies, the PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

A review of the factual allegations in Defendants' Motions and Plaintiff's Responses reveals

a conflict. In his Response to Defendant Barber's Motion to Dismiss, Plaintiff appears to maintain that Defendants threatened to harm him if he complained, and therefore, he could not exhaust his administrative remedies. (Doc. 16). Defendants contend that Plaintiff failed to exhaust the administrative remedies available to him regarding the claims alleged against Defendants. (Docs. 13, 29). Accepting Plaintiff's allegations as true, Plaintiff's claims are not subject to dismissal pursuant to the first step of the *Turner* analysis. In accordance with the second step, the Court must now make specific findings in order to resolve the disputed factual issues.

Complete administrative exhaustion is a precondition to filing a lawsuit. *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper." *Woodford*, 548 U.S. at 89-92. To remedy a prison complaint, Plaintiff is required to complete a three (3) step grievance process consisting of an informal grievance, a formal grievance, and an appeal. Georgia Dep't of Corrections SOP IIB05-001 § VI; (Docs. 13-2, Knowles Affidavit, ¶11; 13-7). Administrative remedies must be exhausted at the time the legal action is brought. *Goebert v. Lee County*, 510 F.3d 1312, 1324 (11th Cir. 2007).

Defendants contend, and support with an affidavit from the Administrative Assistant at VSP, that Plaintiff did not exhaust any grievances regarding the allegations stated in the Complaint. (Doc. 13-2, Knowles Affidavit). The affidavit testimony establishes the presence of a grievance system at VSP, and that Plaintiff filed one grievance related to the excessive use of force while housed at VSP, which Defendants have provided to the Court. (*Id.* at the second ¶17).

On November 10, 2011, Plaintiff filed grievance number 103831 requesting that the

3

grievance coordinator waive the time period for filing a grievance because Plaintiff was alleging excessive use of force. (*Id.*; Doc. 13-9). Due to the nature of the grievance, excessive force, a formal grievance numbered 70819 was issued to Plaintiff on November 30, 2011. (Docs. 13-2, Knowles Affidavit, ¶ 18; 13-9). On December 6, 2011, Plaintiff filed formal grievance number 70819 stating that he wanted to dismiss the informal grievance which requested additional time to file a grievance. (Docs. 13-2, Knowles Affidavit, ¶ 20; 13-9). "The grievance was dismissed. No further action or appeal was taken on the grievance. However, due to the nature of the underlying allegations, the issues in the grievance were still forwarded to Internal Affairs for review." (Doc. 13-2, Knowles Affidavit, ¶ 21). The VSP Administrative Assistant testified that "[a] grievance voluntarily dismissed or dropped by the inmate is not exhausted as it has not been through all the steps of the Department's grievance procedure." (Doc. 13-2, Knowles Affidavit, ¶ 22). Thus, Plaintiff did not exhaust the grievance numbered 103831/70819.

It appears, however, that Plaintiff is alleging that the administrative remedies were not available to him because Defendants threatened his personal safety. (Doc. 16, p. 5). In order to demonstrate that administrative remedies are unavailable, Plaintiff must point to specific facts showing that officials prohibited or blocked his use of the grievance process. *Miller v. Tanner*, 196 F.3d 1190, 1194 (11th Cir. 1999). "[T]he exhaustion requirement is not excused merely because a plaintiff alleges that he was threatened with being beaten if he complained." *Poole v. Rich*, 2007 WL 2238831, *3 (S.D. Ga. Aug. 1, 2007); *see also Garcia v. Glover*, 197 Fed. Appx. 866, 867-68 (11th Cir. 2006) (affirming dismissal of complaint based on failure to exhaust when the plaintiff alleged that officers "'most likely' would have 'killed' him or 'shipped' him out" if they learned the plaintiff had filed a complaint).

4

Here, Plaintiff has provided only a cursory allegation that Defendants threatened him and, that as a result of the threat, Plaintiff requested that his informal grievance be dismissed. (Doc. 16). The allegation that Plaintiff was threatened, "standing alone, do[es] not show that Plaintiff was actually prevented or prohibited from utilizing administrative remedies." *Williams v. Rich*, 2006 WL 2534417, * 6 (S.D. Ga. Aug. 30, 2006); *Badger v. Parsons*, 2009 WL 2634073, *4, n. 5 (S.D. Ga. Aug. 26, 2009) (the plaintiff's self-serving allegation that he could not exhaust his administrative remedies was insufficient to show that such remedies were unavailable). As Plaintiff has not shown that the alleged threats actually prevented or prohibited Plaintiff from exhausting his administrative remedies, Plaintiff has not shown that his administrative remedies were unavailable.

Plaintiff has failed to refute Defendants' evidence that Plaintiff failed to exhaust the administrative remedies available to him. The Court finds that Plaintiff has not exhausted the claims underlying this lawsuit, in that, he failed to utilize the available administrative remedies to grieve the alleged offenses of Defendants. Accordingly, it is the recommendation of the undersigned that Defendant Barber's Motion to Dismiss (Doc. 13) and Defendant Bates's Motion to Dismiss (Doc. 29) be **GRANTED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 6th day of November, 2012.

s/ *THOMAS Q. LANGSTAFF*
**UNITED STATES MAGISTRATE JUDGE**

5